**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION – CLEVELAND**

| | |
|---|---|
| KENNETH DEAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BERKELEY SPRINGS INSTRUMENTS, LLC.,<br><br>Defendant. | Case No.<br><br>**DISTRICT JUDGE**<br><br>**MAGISTRATE JUDGE**<br><br>**COLLECTIVE ACTION COMPLAINT AND JURY DEMAND** |

COMES NOW THE PLAINTIFF, Kenneth Dean ("Dean" or "Plaintiff"), by and through his undersigned attorneys, brings this Collective Action against Berkeley Springs Instruments, LLC. ("BSI" or "Defendant"), and state and allege as follows:

**INTRODUCTION**

1. This is a Collective Action brought by Plaintiff, individually and on behalf of all other similarly situated Project Managers or other job titles performing the same or similar job duties (collectively, "PMs"), who were employed by BSI to recover for Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

2. The U.S. Department of Labor ("DOL") specifically condemns an employer's non-payment of overtime: "Unless *specifically exempted*, employees covered by the Act must receive overtime pay for hours worked in excess of 40 in a workweek at a rate not less than time and one-

1

half their regular rates of pay." *See* U.S. Department of Labor, DOL Fact Sheet #23 at 1, available at https://www.dol.gov/whd/regs/compliance/whdfs23.pdf (emphasis added).

3. Here, Plaintiff, and those similarly situated, worked in excess of 40 hours per workweek and were subjected to Defendant's unlawful policy and practice of failing to properly compensate its PMs overtime premiums for their hours worked as required pursuant to the FLSA.

4. Plaintiff seeks a declaration that his rights and the rights of the putative FLSA Collective were violated, and seeks to recover an award of unpaid wages, overtime premiums, liquidated damages, attorneys' fees and costs, pre- and post-judgment interest, and any other remedies to which Plaintiff, and those similarly situated, may be entitled.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, because Plaintiff's claims arise under federal law, the FLSA, 29 U.S.C. §§ 201, *et seq.*

6. Upon information and belief, BSI's annual sales exceed $500,000.00 and they have more than two employees, so the FLSA applies in this case on an enterprise basis. *See* 29 U.S.C. § 203(s)(1)(A).

7. Defendant's employees, including Plaintiff and all other similarly situated PMs, are engaged in commerce—including, but not limited to, utilizing telephones to regularly make telephone calls to clients located in other States, utilizing the Internet to regularly communicate and perform work for clients located in other States, crossing state lines to perform their necessary and essential job duties in numerous states, and regularly handling goods that were produced for shipment outside of the state they originated—and therefore, Plaintiff and all other similarly situated PMs are also covered by the FLSA on an individual basis.

8. This Court has personal jurisdiction over BSI because BSI conducts business within the State of Ohio, and because the acts or omissions giving rise to the causes of action in this Complaint systematically and continuously occurred within the State of Ohio.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducted substantial business within this District and because a substantial portion of the events that give rise to the claims plead in this Complaint occurred in this District.

## THE PARTIES

10. BSI offers its clients internal and external corrosion monitoring solutions that are engineered to BSI's clients so they can sleep at night.[1]

11. BSI hires PMs, like Plaintiff and all other similarly situated PMs, to provide its clients this monitoring solution by working "in the office, in the field or working with our affiliates . . . [using BSI's] mechanical integrity field data acquisition, monitoring and date analysis systems.[2]

12. Upon information and belief, BSI's principal office is located at 1341 Pioneer Trail, Great Cacapon, West Virginia, 25422.

13. Upon information and belief, Eugene Silverman, BSI's founder and president,[3] is also BSI's Registered Agent and can be served at 14901 UHL Highway, Cumberland, Maryland, 21502.

14. Plaintiff Kenneth Dean is a citizen of Ohio who resides in Chesterland, Geauga County. Dean executed his Consent to Sue form, which is attached hereto as Exhibit 1.

---

[1] http://www.bsisentry.com/ (last visited July 23, 2019).
[2] http://www.bsisentry.com/career (last visited July 23, 2019).
[3] http://www.bsisentry.com/about/about-us (last visited July 23, 2019).

15. BSI employed Dean as a nonexempt salaried Remote Project Manager from approximately August 2017 until approximately June 2019.

16. BSI assigned Dean to work for BSI's clients located in Ohio, Louisiana, Wyoming, and Hawaii, among other States. Fifty-five to sixty percent of the work BSI assigned Dean to occurred in Ohio and furthermore, Dean regularly worked in and around Geauga County.

## GENERAL ALLEGATIONS

17. From approximately August 2017 until approximately June 2019, Dean was employed by BSI as a nonexempt salaried Remote Project Manager.

18. Dean's rate of pay was approximately $82,000.00 per year.

19. Dean's primary job duties, regardless of which of BSI's clients he was serving or what State he was performing work in was the same. These job duties included, but were not limited to, above storage tank inspections, installation of BSI equipment, inspections of BSI equipment, and general customer services.

20. Dean's job duties did not include selling BSI equipment or services.

21. Dean's job duties did not include managing BSI or managing a recognized department of subdivision of BSI.

22. Dean's job duties did not include directing the work of at least two or more other full-time employees.

23. Dean did not have the authority to hire other BSI employees.

24. Dean did not have the authority to fire other BSI employees.

25. Dean did not have the authority to influence other BSI employees' advancement, promotion, or other change of status of other BSI employees.

4

26. Upon information and belief, BSI does not require specific advanced degrees or certifications to hold the position of Project Manager.[4]

27. Dean's duties do not involve the exercise of independent judgment or discretion regarding matters of significance to BSI's business. In fact, upon information and belief, Plaintiff and all other similarly situated PMs, make all inspections and installations using pre-approved procedures, which they are required to follow and cannot deviate from.

28. 29 C.F.R. § 541.203(g) provides that:

> Ordinary inspection work generally goes not meet the duties requirements for the administrative exemption. Inspectors normally perform specialized work along standardized lines involving well-established techniques and procedures which may have been catalogued and described in manuals or other sources. Such inspectors rely on techniques and skills acquired by special training or experience. They have some leeway in the performance of their work but only within closely prescribed limits.

29. All other similarly situated PMs performed the same or similar job duties as Plaintiff.

30. All other similarly situated PMs were hired in the same or similar job position as Plaintiff.

31. All other similarly situated PMs were paid by BSI either as a salaried or hourly employee.

32. Plaintiff, and all other similarly situated PMs, regularly were scheduled to work at least 40 hours per workweek.

33. In fact, Dean was schedule to work Monday through Friday from 8:00 a.m. to 5:00 p.m. most workweeks. However, when BSI assigned Dean to a specific project—which happened

---

[4] http://www.bsisentry.com/career (last visited July 23, 2019).

5

regularly—Dean was required to be "on call" and available to BSI and BSI's client 24 hours per day.

34. When working on a project BSI assigned, Dean regularly worked 10 to 12 hours per day.

35. The length of time BSI assigned Dean to specific projects would vary, but the projects could last in excess of one month.

36. Due to BSI's assignment of projects, Plaintiff, and the similarly situated PMs, regularly worked in excess of 40 hours per workweek.

37. Defendant knew, or should have known, that under the FLSA, BSI could not properly classify Dean, or other similarly situated PMs as exempt under the executive, administrative, professional, or outside sales exemptions.

38. Defendant knew, or should have known, that under the FLSA, Plaintiff should have been paid overtime premiums for his hours worked in excess of 40 hours in a workweek.

39. The FLSA provides that:

> No employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

40. Despite this, at all times relevant to this Action, Defendant suffered or permitted Plaintiff to routinely perform work in excess of 40 hours per week without compensating him at the federally mandated overtime rate of one and one-half times his regular rate of pay. Instead, Defendant improperly compensated Plaintiff his salary only and unlawfully withheld Plaintiff's earned overtime wages.

6

41. Defendant willfully, or in reckless disregard, engaged, adopted and then adhered to its policy and practice of withholding overtime pay from Plaintiff. This policy resulted in Plaintiff not being paid correctly, in violation of the FLSA.

### *Recordkeeping*

42. Pursuant to 29 C.F.R. § 516.1, "every employer subject to any provision" of the FLSA is required to maintain employee records.

43. Employers, like BSI, are mandated to maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee, each workday, and the total hours worked by each employee, each workweek. *See* 29 C.F.R. § 516.2.

44. Upon information and belief, regardless of how many hours Plaintiff worked per pay period, Defendant did not track Plaintiff's hours worked.

45. Upon information and belief, Defendant has failed to establish, maintain and preserve accurate timesheet and payroll records as required by the FLSA.

46. When the employer fails to keep accurate records of all hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946) is controlling. The rules states:

> Where the employer's records are inaccurate or inadequate . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

47. The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer

7

to reap the benefits of the employees' labors without proper compensation as required by the FLSA. Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack exactness and the precision of measurement that would be possible had he kept records in accordance with . . . the Act." *Id*.

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff brings this Action pursuant to the FLSA, 29 U.S.C. § 216(b) on her own behalf and on behalf of:

> *All current and former Project Managers, or other job titles performing the same or similar job duties, who worked for Berkeley Springs Instruments, LLC at any time in the last three years.*

(herein referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.

49. Plaintiff does not bring this Action on behalf of any executive, administrative, or professional employees exempt from coverage under the FLSA.

50. *29 U.S.C. § 216(b) Conditional Certification "Similarly Situated" Standard*: With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because, under 29 U.S.C. § 216(b), the Project Manager employees described are "similarly situated" to Plaintiff. The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they were employed by Defendant in the same or similar positions as Plaintiff; (b) they were subject to the same or similar unlawful practices, policies, or plans as Plaintiff (namely, Defendant's practices, policy, or plan of suffering them to work in excess of 40 hours in a workweek and then failing to pay them overtime premiums); (c) their claims are based upon the same legal theories as Plaintiff; and (d) the employment relationship between Defendant and every putative FLSA Collective member is exactly the same, and differs only by name, location, and rate of pay.

51. Upon information and belief, Plaintiff estimates that the FLSA Collective, including both current and former Project Manager employees over the relevant period, will include up to one hundred members who would benefit from the issuance of a court-supervised notice of this action and the opportunity to join it. The precise number of collective Class members should be readily available from a review of Defendant's personnel, scheduling, time and payroll records, and from input received from the collective class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b)

52. Plaintiff shares the same interests as the FLSA Collective in that the outcome of this Action will determine whether they are entitled to unpaid overtime compensation, interest, attorneys' fees and costs owed under the FLSA. Because the facts in this case are similar, if not altogether identical, to the factual assessment and legal standards lend themselves to a collective action.

**COUNT 1: VIOLATION OF THE FLSA—FAILURE TO PAY OVERTIME**
**(Brought by the named Plaintiff and the FLSA Collective Action Class)**

53. Plaintiff re-alleged and incorporates all previous paragraphs herein.

54. At all times relevant to this Action, BSI was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq*.

55. At all times relevant to this Action, BSI engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

56. At all times relevant to this Action, Plaintiff was an "employee" of BSI within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

57. At all times relevant to this Action, Plaintiff, and all other similarly situated Project Managers, either (1) engaged in commerce; (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

58. The position of Project Manager is not exempt from the FLSA.

59. BSI's other job titles performing the same or similar Project Manager job duties are not exempt from the FLSA.

60. At all times relevant to this Action, BSI "suffered or permitted" Plaintiff, and all other similarly situated PMs, to work and thus "employed" them within the meaning of the FLSA, 29 U.S.C. § 203(g).

61. Plaintiff, and all other similarly situated PMs, were regularly worked in excess of 40 hours per workweek.

62. The FLSA requires an employer, like BSI, to pay its employees, like Plaintiff and all other similarly situated PMs, the federally mandated overtime premium rate of one and one-half times their regular rates of pay for every hour worked in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a)(1).

63. Despite this, BSI failed to pay Plaintiff, and all other similarly situated PMs, overtime premiums at one and one-half times their regular rates of pay for every hour worked in excess of 40 hours per workweek.

64. BSI's conduct as it is alleged in this Complaint constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255, as Defendants knew, or showed reckless disregard for the fact their compensation practices violated the FLSA.

65. None of the provisions of the FLSA can be contravened, set aside, abrogated, or waived by Plaintiff or any other similarly situated PMs.

66. As a direct and proximate result of BSI's unlawful conduct and FLSA violations, Plaintiff, and all other similarly situated PMs, were illegally deprived of their earned wages. The FLSA, 29 U.S.C. § 216(b), provides a remedy for a violation of the Act, entitling them to unpaid

overtime premiums, plus an additional equal amount in liquidated damages, costs, reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

a. An Order certifying this case as a Collective Action in accordance with 29 U.S.C. § 216(b);

b. An Order designating Plaintiff to act as the FLSA Collective Representative, on behalf of all similarly situated individuals;

c. An Order compelling Defendant to disclose, in computer format, or in print if no computer readable format is available, the full names, last known addresses, and email addresses of all similarly situated individuals and permission to Plaintiff's Counsel to send notice of this Action to all similarly situated individuals, including the publishing of Notice in a manner that is reasonably calculated to apprise the putative FLSA Collective members of their rights under this litigation;

d. An Order declaring Defendant willfully violated the FLSA and its attendant regulations as set forth above;

e. An Order declaring Defendant violated its obligation under the FLSA;

f. An Order granting judgment in favor of Plaintiff and against Defendant, awarding the amount of unpaid overtime pay calculated at the rate of one and one-half (1.5) times Plaintiff's regular rate of pay, multiplied by all hours that Plaintiff worked in excess of 40 hours per week for the past three years for Plaintiff and the FLSA Collective;

g. An Order awarding liquidated damages to Plaintiff and the FLSA Collective, in an amount equal to the amount of unpaid overtime found owing to Plaintiff and the FLSA Collective under the FLSA;

h. An Order awarding incentive award for the Plaintiff for his role as the FLSA Collective Representative;

i. An Order awarding pre-judgment interest to Plaintiff and the FLSA Collective (to the extent liquidated damages are not awarded);

j. An Order awarding post-judgment interest on all damages;

k. An Order awarding reasonable attorney fees and costs incurred by Plaintiff in filing this Action, in accordance with the FLSA; and

l. Such further relief as this Court deems appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury on all triable issues.

Respectfully submitted,

Dated: August 27, 2019     /s/ Carasusana B. Wall
Carasusana B. Wall (OH 0090234, MI P76722)
ZOLL & KRANZ, LLC
6620 W. Central Ave., Suite 100
Toledo, OH 43617
Tel.   (419) 841-9623
Fax    (419) 841-9719
cara@toledolaw.com

*Local Counsel for the Plaintiff*

Molly E. Nephew (Minn. Bar No. 397607)
(*Pro hac vice* application forthcoming)
**JOHNSON BECKER, PLLC**
4444 Cedar Street, Suite 1800
St. Paul, Minnesota 55101
Phone: (612) 436-1800
Fax: (612) 436-1801
mnephew@johnsonbecker.com

*Trial Counsel for the Plaintiff*

12